UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

TURHAN DANIELS,

    Plaintiff,                                      CASE NO.:

B-UNOS LLC, a New Jersey
Domestic Limited Liability Company, and
STEVEN CAPERS, Individually

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, TURHAN DANIELS ("Plaintiff"), by and through undersigned counsel, files this Complaint against Defendants, B-UNOS LLC ("B-UNOS"), and STEVEN CAPERS ("CAPERS"), states as follows:

### INTRODUCTION

1. The FLSA is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers." 29 U.S.C. § 202(a).

2. To achieve its purposes, the FLSA requires three things. First, the FLSA requires payment of minimum wages. 29 U.S.C. § 206(a). Second, the FLSA requires overtime pay for a covered employer whose employees work in excess of forty (40) hours per workweek. 29 U.S.C. § 207(a). And third, the FLSA establishes minimum recordkeeping requirements for covered employers. 29 U.S.C. § 211(a); 29 U.S.C. § 516.2(a)(7).

3. Plaintiff was a non-exempt employee for Defendants and was paid a weekly salary to cover his first forty (40) hours worked.

4. Throughout his employment, Defendants deprived Plaintiff of proper overtime compensation for his hours worked in excess for forty (40) hours each week.

## SUBJECT MATTER JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over Plaintiff's FLSA claim pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. § 201 *et seq*.

6. Venue is proper in New Jersey because Defendant, B-UNOS LLC's, principal place of business is in this District.

7. The events or omissions giving rise to this claim occurred in the State of New Jersey.

## PARTIES

8. At all times material hereto, B-UNOS was a New Jersey Domestic Limited Liability Company with substantial business operations in the State of New Jersey.

9. At all times material hereto, CAPERS was the Registered Agent/Owner of B-UNOS.

10. At all times material hereto, CAPERS engaged in business in the State of New Jersey.

11. At all times material hereto, Defendant CAPERS owned and operated B-UNOS located at 600 Jacksonville Road, Suite 100, Burlington, NJ, 08016.

12. At all times material hereto, CAPERS managed and operated B-UNOS.

13. At all times material hereto, CAPERS hired and fired employees of B-UNOS.

14. At all times material hereto, CAPERS determined the work schedules for the employees of B-UNOS.

15. At all times material hereto, CAPERS held and/or exercised the authority to control the finances and operations of B-UNOS.

16. At all times material hereto, CAPERS was an employer as defined by 29 U.S.C. 201 et. seq.

## FLSA COVERAGE

17. At all times material hereto, Defendants were Plaintiff's "employers" within the meaning of FLSA.

18. At all times material hereto, Defendants were, and continue to be, "employers" within the meaning of FLSA.

19. At all times material hereto, B-UNOS was, and continues to be, and enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

20. Based upon information and belief, the annual gross revenue of B-UNOS was in excess of $500,000.00 per annum during the relevant time periods.

21. At all times material hereto, B-UNOS had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, including produce and other materials, necessary and integral to B-UNOS's business operations.

22. At all times material to this action, Plaintiff was an "employee" of Defendants within the meaning of the FLSA.

23. At all times material hereto, Plaintiff was "engaged in commerce" and subject to individual coverage of the FLSA.

24. At all times material hereto, Plaintiff was engaged in the "production of goods for commerce" and subject to the individual coverage of the FLSA.

25. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendants.

## STATEMENT OF FACTS

26. On or about June 12, 2012, Defendants hired Plaintiff to work as a non-exempt "Cook"

27. At various material times hereto, Plaintiff worked for Defendants in excess of forty (40) hours within a work week.

28. From at least December 2018 and continuing to March 18, 2020, Defendants failed to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours in a single work week. Plaintiff should be compensated at the rate of one and one-half times Plaintiff's regular rate for those hours that Plaintiff worked in excess of forty (40) hours per week as required by the FLSA.

29. Defendants have violated Title 29 U.S.C. §207 from at least December 2018 and continuing through March 18, 2020, in that:

    a. Plaintiff worked in excess of forty (40) hours per work week for the period of employment with Defendants;

    b. No payments, or provisions for payment, have been made by Defendant to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for those hours worked in excess of forty (40) hours per work week as provided by the FLSA; and

    c. Defendants have failed to maintain proper time records as mandated by the FLSA.

**COUNT I**
**VIOLATION OF 29 U.S.C. §207 OVERTIME COMPENSATION**

30. Plaintiff realleges and reavers paragraphs 1 through 29 of the Complaint as if fully set forth herein.

31. From at least December 2018 and continuing through March 18, 2020, Plaintiff worked in excess of the forty (40) hours per week for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

32. Plaintiff was, and is entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours.

33. At all times material hereto, Defendants failed, and continue to fail, to maintain proper time records as mandated by the FLSA.

34. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per work week when it knew, or should have known, such was, and is due.

35. Defendants have failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

36. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per work week, plus liquidated damages.

37. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendants:

a. Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour and minimum wage provisions of the FLSA;

b. Awarding Plaintiff overtime compensation in the amount due to him for Plaintiff's time worked in excess of forty (40) hours per work week;

c. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

d. Awarding Plaintiff minimum wages in the amount due to him for Plaintiff's time worked in each work week;

e. Awarding Plaintiff liquidated damages in an amount equal to the minimum wages award;

f. Awarding Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

g. Awarding Plaintiff pre-judgment and/or post judgment interest;

h. Ordering any other further relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated:  August 5, 2020                                     Respectfully submitted,

*/s/ Andrew R. Frisch*
Andrew R. Frisch
MORGAN & MORGAN, P.A.
8151 Peters Road, Suite 4000
Plantation, FL 33324
Tel: 954 WORKERS; F: 954-327-3013
Email: AFrisch@forthepeople.com

*Counsel for Plaintiff*